Lewis M. Francis (USB #6545)
Elizabeth M. Butler (USB #13658)
PARSONS BEHLE & LATIMER
Attorneys for Plaintiff
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone:  (801) 532-1234
lfrancis@parsonsbehle.com
lbutler@parsonsbehle.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LIZARD SKINS, LLC, a Delaware limited liability company, <br><br>    Plaintiff, <br><br> vs. <br><br> LZRD Tech, Inc. <br><br>    Defendant. | COMPLAINT <br><br> Civil No. 2:23-cv-00801 <br><br> Judge |

Plaintiff Lizard Skins, LLC, ("Lizard Skins" or "Plaintiff") by and through its undersigned counsel, complains of defendant LZRD Tech, Inc. ("LZRD" or "Defendant") as follows:

**PARTIES, JURISDICTION & VENUE**

1. Plaintiff Lizard Skins is a Delaware limited liability company, with its principal place of business in American Fork, Utah.  Lizard Skins is an industry-leading manufacturer of sporting goods accessories including grips, gloves, and protective apparel. Since at least as early

as March of 2018, Lizard Skins has been selling arm sleeves throughout the United States under the Lizard Skins trademark.

2. LZRD Tech, Inc. is upon information and belief a Georgia corporation with its headquarters and principal place of business in Atlanta, Georgia.

3. Defendant is also in the business of manufacturing arm sleeves which they sell throughout the United States under the name LZRD Tech.

4. This action involves violations of the federal Lanham Act. Jurisdiction is conferred under the Lanham Act, 15 U.S.C. § 1121, and federal question jurisdiction, 28 U.S.C. § 1331. Jurisdiction for the non-federal question claims arise under 28 U.S.C. § 1367, because those claims are so related to claims in this action within the Court's original jurisdiction that they form part of the same case or controversy.

5. Defendant does business in Utah and is subject to personal jurisdiction in this Court.

6. Further, the injuries complained of occurred in this district, forming another basis for jurisdiction.

7. Venue is proper under 28 U.S.C. § 1391, in that a substantial part of the events giving rise to the claims asserted herein occurred in this District.

**GENERAL ALLEGATIONS**

8. For decades, Lizard Skins has sold sporting goods and accessories, including its distinctive grip tape, under the Lizard Skins™ trademark and using the Lizard Skins logo.

9. Lizard Skins first entered the sporting goods market when it began developing grip tape for the cycling industry in 2009.

10.     Building on decades of experience and expertise, Lizard Skins expanded beyond the cycling world into baseball in or around January of 2012, into lacrosse in or around January of 2015, and into hockey in or around November of 2016

11.     In 2016, Lizard Skins became the official bat grip supplier of Major League Baseball, which it remains to this day.

12.     Lizard Skins markets, manufactures and sells its arm sleeves under the Lizard Skins™ trademark throughout the United States, and has done so since at least March of 2018.

13.     Lizard Skins has expended substantial resources across the world in developing its Lizard themed brands, including the "LIZARD SKINS" mark and its Lizard logo design:



14.     Likewise, Lizard Skins has obtained dozens of registrations for its LIZARD SKINS™ mark and Lizard Skins logo in the United States, China, the European Union, Japan, Switzerland, Taiwan, and the United Kingdom, as well as through the World Intellectual Property Organization.

15.     For example, Lizard Skins obtained federal trademark registration for the stylized mark LIZARD SKINS in combination with the Lizard logo in connection with among other things elbow guards, kneed pads, and shin protectors for athletic cycling use, on June 1, 2010 at Reg No. 3,796,369. Likewise, Lizard Skins obtained federal registration for the LIZARD SKINS

trademark in connection with among other things elbow guards, kneed pads and shin protection for athletic cycling use on June 8, 2010 at Reg. No. 3,800,144. And Lizard Skins obtained federal trademark registration for its Lizard Skins logo in connection with among other things elbow pads for athletic use on December 27, 2016 at Reg. No. 5,111,393. True and correct copies of these Tradmark Registrations are attached hereto at Exhibit A.

16. In or around March of 2018, Lizard Skins began selling arm sleeves, using the Lizard Skins name and bearing the Lizard Skins logo.

17. Lizard Skins arm sleeves serve to both enhance grip and protect against injury.

18. Lizard Skins Performance Arm Sleeves come in a variety of solid colors, including black, white, grey, and pink:



Lizard Skins, Performance Arm Sleeves, https://www.lizardskins.com/arm-sleeves

19. In addition, the Lizard Skins Performance Arm Sleeves feature the Lizard Skins™ mark and the Lizard Skins lizard logo at the wrist:

4



Lizard Skins, Performance Arm Sleeve – Neon Pink, https://www.lizardskins.com/product-details?h=performance-arm-sleeve-neon-pink&c=arm_sleeves&t=performance&v=0 (cropped to zoom in on logo and Lizard Skins mark).

20. Defendant LZRD is a direct competitor of Lizard Skins.

21. Operating at the website lzrdtech.com, a consumer may purchase LZRD Tech's products and have them shipped anywhere in the world. LZRD Tech, Check Out Page, https://lzrdtech.com/checkouts/cn/c1-991fac7642578f7134ef6b3e2dd20bda?_ga=2.108782848.320759095.1698081443-1581016843.1697572704%26_gac%3D1.228007151.1697572705.Cj0KCQjw4bipBhCyARIsAFsieCz-bJc_M4Buf5YZ9ESeZ1E5IgwuCbMUE4_9Cd-pO6J-nr0F0bE6f94aAjAhEALw_wcB

22. In addition to lzrdtech.com, LZRD Tech markets its product on social media, including on Instagram under the username @lzrdtech and on Facebook under the username

5

LZRD Tech. *See* LZRD Tech, Instagram Page, https://www.instagram.com/lzrdtech/; LZRD Tech Facebook Page, https://facebook.com/LZRDtech.

23. Upon information and belief, LZRD did not begin selling arm sleeves until the summer of 2020. Specifically, in an article linked on LZRD's website states that, "Georgia Tech athletics' initial venture investment is in LZRD Tech, founded by Tech graduates Mike Pullen (BME, 2021) and Mat Quon (BME, 2019), which was chosen to participate in CREATE-X's Startup Launch accelerator program in the summer of 2020." LZRD Tech, About Us, https://lzrdtech.com/pages/about-us (linking to Georgia Tech Athletics Invests in Create-X Startup, https://ramblinwreck.com/georgia-tech-athletics-invests-in-create-x-startup/).

24. Upon information and belief, Defendant has filed the following trademark applications: (a) U.S. Application No. 97626889 for "LZRD SLEEVE"; (b) U.S. Application No. 97626892 for "LZRD GRIP";( c) U.S. Application No. 97073500 for "LZRD"; and (d)U.S. Application No. 97073499 for "LZRD TECH."

25. Despite the omission of vowels, LZRD is pronounced "Lizard." GeorgiaTech Instagram, Interview with LZRD co-founder Mike Pullen, https://www.instagram.com/p/CNTZCM2BmGE/

26. The LZRD Tech arm sleeves come in solid colors, including black, white, grey and pink:



LZRD Tech, LZRD Sleeve, https://lzrdtech.com/products/black-lzrd-sleeve?variant=42518070952159

27. Likewise, LZRD arm sleeves include their LZRD mark and logo the wrist, which is also a Lizard:



LZRD Tech, LZRD Sleeve, https://lzrdtech.com/products/black-lzrd-sleeve?variant=42518070952159 (cropped to show logo and LZRD).

28. On or around August 21, 2023, two separate customers reached out to a Lizard Skins representatives stating that they had seen the LZRD Sleeve and inquiring as to whether they could buy this product from Lizard Skins.

29. Simply put, LZRD Tech's sale of arm sleeves using the LZRD mark is creating confusion in the marketplace such that consumers believe LZRD Sleeves are a product of well-established sports manufacturer Lizard Skins.

4874-7348-0330.v3

30. Accordingly, after being made aware of LZRD Tech, counsel for Lizard Skins reached out to LZRD Tech on September 9, 2023, requesting that it (a) cease using, and refrain from future use of, the LZRD mark in connection with sporting goods, including arm sleeves; (b) abandon all trademark applications, and refrain from applying for additional applications, for the LZRD mark, alone or in combination with other words and designs; (c) and cease using the LZRD domain names in connection with the sale of sporting goods, including arm sleeves.

31. According to the USPS acknowledgment, the September 9, 2023 letter was received by LZRD Tech on September 18, 2023.

32. To date, LZRD Tech has not responded to this September 9, 2023 demand letter from Lizard Skin's counsel.

33. Lizard Skins has been damaged and continues to be damaged by Defendant's improper conduct, including but not limited to lost sales, as well as damage to its reputation from the imitations sold by Defendant using the name LZRD.

34. In addition, Defendant has been and is being unjustly enriched by utilizing the LZRD mark which is confusingly similar to the Lizard Skins mark, thereby benefitting from the time and effort Lizard Skins has expended over decades to establish its name in the sports manufacturing industry.

### FIRST CLAIM FOR RELIEF

**(Trademark Infringement, Lanham Act, 15 U.S.C. § 1051 *et seq*.)**

35. Plaintiff incorporates the preceding allegations as though set forth fully herein.

36. For over a decade, Lizard Skins has used the Lizard Skins trademark and the Lizard logo in connection with the sale of sporting goods and accessories.

4874-7348-0330.v3

37. Defendant's LZRD Sleeves with the LZRD name and lizard logo and Defendant's use of the LZRD mark to sell sporting goods are infringing on Lizard Skins' trademarks, including but not limited to Reg. Nos. 3,800,144; 3,796,369; and 5,111,393.

38. Defendant's use of the LZRD mark to sell sporting goods, including arm sleeves, is likely to cause – and indeed has caused – confusion, deception, and mistake by creating the false and misleading impression that Defendant's commercial activities, including its promotional activities and advertisements through the lzrdtech.com websites, and other social media content, are associated or connected with Lizard Skins, or have the sponsorship, endorsement or approval of Lizard Skins.

39. Because Defendant's sale of sporting goods, including the arm sleeves, under bearing the LZRD mark with an lizard logo copy the look and feel of the Lizard Skins products, including Lizard Skins Protective Arm Sleeves, consumers have confused and will likely continue to confuse them with Lizard Skins' products. In other words, Defendant is selling confusingly similar imitations of Lizard Skins' Protective Arm Sleeves.

40. Moreover, Defendant's actions demonstrate an intentional, willful, and malicious intent to infringe Lizard Skins' trademarks through, among other things, its effort to register the trademark for "LZRD", "LZRD SLEEVE", "LZRD GRIP" and "LZRD TECH."

41. By copying and selling an imitation of the Lizard Skins products under the name LZRD for its own benefit, Defendant has committed trademark infringement under the Lanham Act, 15 U.S.C. §§ 1114 and/or 1125.

42. Defendant's improper actions are resulting in the loss of Lizard Skins' customers, and tarnishing Lizard Skins' good will, thus causing Lizard Skins injury.

4874-7348-0330.v3

43. As a result of this unfair competition and trademark infringement, Lizard Skins is losing sales and Defendant is unjustly enriched, for which injury Lizard Skins is entitled, under the Lanham Act, 15 U.S.C. §§ 1116(a) and 1117(a) and 1118(a), to preliminary and permanent injunctive relief, actual damages and Defendant's profits.

## SECOND CLAIM FOR RELIEF

### (Common Law Trademark Infringement)

44. Plaintiff incorporates the preceding allegations as though set forth fully herein.

45. Defendant's use of the LZRD mark and lizard logo in connection with the sale of sporting goods, including arm sleeves, has caused and is likely to continue to cause confusion, deception, and mistake by creating the false and misleading impression that the Defendant is associated or connected with Lizard Skins, or has the sponsorship, endorsement, or approval of Lizard Skins.

46. Defendant's conduct constitutes infringement of the common law rights of Lizard Skins. Defendant's conduct has damaged and will continue to damage Lizard Skins' goodwill and reputation.

47. Defendant's actions violate the common law of Utah and have damaged and continue to damage Lizard Skins and the valuable Lizard Skins trademark.

48. Defendant's improper actions are resulting in the loss of Lizard Skins' customers, and tarnishing Lizard Skins' good will, thus causing Lizard Skins injury.

49. Plaintiff requests relief as hereafter described in its Prayer for Relief.

## THIRD CLAIM FOR RELIEF

**(Common Law Unfair Competition)**

50. Plaintiff incorporates the preceding allegations as though set forth fully herein.

51. By copying and selling an imitation of the Lizard Skins Protective Arm Sleeves and by using the LZRD mark and logo in connection with the sale of sporting goods, Defendant has committed unfair competition.

52. Defendant's imitations offered under a confusingly similar name not only steal Lizard Skins' customers, but also tarnish Lizard Skins' products and reputation, thus causing it injury and damages.

53. As a result of Defendant's imitation and use of the LZRD mark and logo in connection with the sale of sporting goods, including arm sleeves, Lizard Skins is losing sales and Defendant is being unjustly enriched.

54. Lizard Skins is entitled to both temporary and permanent injunctive relief against such continuing misconduct, as well as monetary damages, and requests relief as hereafter described in its Prayer for Relief.

## FOURTH CLAIM FOR RELIEF

**(Deceptive Trade Practices, Utah Truth in Advertising Act, Utah Code Ann. § 13-11a-1)**

55. Plaintiff incorporates the preceding allegations as though set forth fully herein.

56. The designs, details, and overall look and feel of Lizard Skins trademark and logo are inherently distinctive.

57. Through its extensive marketing and sales over the years, the Lizard Skins trademark and logo have become well recognized by consumers in the sporting goods market, including the market for arm sleeves.

58. And through its extensive marketing and sales, as well as decades of experience and expertise in the sporting goods market, Lizard Skins has established itself as a well-recognized industry leader.

59. Because Lizard Skins' trademark and logo has come to identify the product's single source, it has taken on a secondary meaning.

60. Because Defendant's LZRD Tech's name and logo copy the look and feel of the Lizard Skins name, trademark, and logo, consumers have confused will likely continue to confuse LZRD Tech's products with Lizard Skins' products. In other words, Defendant's LZRD Sleeves and LZRD mark's similarity to Lizard Skins' Protective Arm Sleeves and the Lizard Skins Mark causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, affiliation, connection, or association of Defendant's products in violation of Utah Code Ann. § 13-11a-3(b)-(c)

61. Defendant's improper actions are resulting in the loss of Lizard Skins' customers, and tarnishing Lizard Skins' good will, thus causing Lizard Skins injury.

62. As a result of these deceptive trade practices, Lizard Skins is losing sales and Defendant is unjustly enriched, for which Lizard Skins is entitled, under the Utah Truth in Advertising Act, to injunctive relief and actual damages.

63. Plaintiff requests relief as hereafter described in its Prayer for Relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Lizard Skins ("Lizard Skins") demands entry of judgment in its favor and against defendant LZRD Tech, Inc. ("Defendant") as follows:

A. For a permanent injunction precluding Defendant, its agents and representatives, as well as anyone else with actual knowledge of such injunction, from using the "LZRD" mark and any domain names or social media accounts containing "lzrd", alone or in combination with other words and designs, in connection with the sale or marketing of sporting goods, including arm sleeves.

B. For Damages, in excess of $75,000, as measured by Lizard Skins' lost sales and lost business opportunities, as well as the profits received by Defendant from copying and selling imitations of the Lizard Skins Protective Arm Sleeve.

C. For Lizard Skins' attorney's fees and costs incurred as the Court deems appropriate;

D. For Pre-judgment interest; and

E. For such other or further relief as the Court may deem appropriate.

Dated this 2nd day of November, 2023.

                              PARSONS BEHLE & LATIMER


                              By /s/ Elizabeth M. Butler
                                  Lewis M. Francis
                                  Elizabeth M. Butler
                                  Attorneys for Plaintiff

4874-7348-0330.v3